**RECEIVED**
JUL 2 5 2002

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

FILED
2004 JUL 29 A 8:54
U.S. DISTRICT COURT

| | |
|---|---|
| **DIRECTV, INC.**<br>a California corporation,<br><br>Plaintiff,<br><br>-against-<br><br>JAMES PIEGER,<br><br>Defendants. | **AFFIRMATION IN SUPPORT OF NOTICE OF MOTION FOR AN EXTENSION OF TIME TO FILE JOINT TRIAL BRIEF**<br>Civil Action No. 3-02-CV-1867 CFD<br>Honorable Christopher F. Droney |

WAYNE D. LONSTEIN, an attorney duly admitted to practice before this Courts, affirms the following under penalty of perjury:

1. I am the attorney for Plaintiff, DirecTV, Inc., in the above referenced matter and am fully familiar with all the facts, circumstances and proceedings heretofore had herein.

2. I make this Affirmation in support of Plaintiff's Motion for an Order extending the time within which the parties may file a Joint Trial Brief for fifteen (15) days. Annexed hereto as Exhibit "A," please find a copy of the working draft of the Trial Brief.

3. Plaintiff did not receive Defendant's Answer until June 22, 2004, the parties have thus far been unable to confer regarding the submission of the Joint Trial Brief. However, my office has forwarded a letter to Mr. Pieger, who has appeared *pro se* in this matter. Attached hereto as Exhibit "B," please find a copy of the letter to the Defendant regarding the requirement of the Joint Trial Brief.

4. The parties have exchanged initial discovery demands, however, as of the date herein, not all responses to said demands have been exchanged. Plaintiff has not received

Defendant's Rule 26 (a)(1) disclosures. As such, this office lacks sufficient information regarding Defendant's positions to formulate the Trial Brief sufficiently for submission to the Court.

5.      Plaintiff respectfully asks this Court to accept Plaintiff's explanation as a reasonable excuse for the delay in submitting the Trial Brief, and permit further preparation of same.

6.      Plaintiff respectfully requests a short extension of time in which to submit its Summary Judgment Motion

7.      Defendant would not suffer any prejudice by the granting of this Motion since Plaintiff seeks a brief enlargement of time.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant its Motion for an Extension of Time and enter the attached Order of Court.

Dated: July 23, 2004
       Ellenville, New York

_____
Wayne D. Lonstein

## CERTIFICATION OF SERVICE

This is to certify that the foregoing Notice of Motion, Affirmation in Support of Notice of Motion for an Extension of Time and annexed exhibits was mailed by regular mail to the following parties on July 23, 2004:

James Pieger
1601 West Broad Street
Stratford, CT 06615

_____
Wayne D. Lonstein

# Lonstein Law Office, P.C.

Attorneys and Counselors at Law

1 Terrace Hill, P.O. Box 351
Lonstein Professional Building
Ellenville, New York 12428
Telephone (845) 647-8500
Facsimile (845) 647-6277
www.signallaw.com

\* Wayne D. Lonstein
Julie Cohen Lonstein

‡ Rosalie A. Wallis
Stephen M. Tannenbaum

Kelly Ann Ruane, Of Counsel

Albert I. Lonstein (1930 - 1993)
Benjamin Lonstein (1909 - 2000)

\* Also admitted in NJ, PA & MA
‡ Also admitted in New Mexico

July 23, 2004

James Pieger
1601 West Broad Street
Stratford, CT 06615
**via regular and Certified Mail, return receipt requested**

Re:   DIRECTV, a California Corporation vs. James Pieger
      Civil Action No. 3-02-CV-1867 CFD
      Our File No. DTV-2CT-03

Dear Mr. Pieger:

As you are aware, we are required by Court Order, to prepare and file a Joint Trial Memoranda. Although we have received communications from you regarding Discovery Demands, to date no communication has been received regarding the Trial Memoranda.

Please contact me upon receipt of this letter so that we may include your contributions in the working draft of the Trial Memoranda, and to discuss your position regarding the possibility of an amicable resolution to the within matter.

I look forward to hearing from you.

Very truly yours,

LONSTEIN LAW OFFICE, P.C.

By: Wayne D. Lonstein
WDL/ea

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

---

**DIRECTV, INC.**
**a California corporation,**

                Plaintiff,

-against-

JAMES PIEGER,

                Defendant.

**JOINT TRIAL MEMORANDA**
Civil Action No. 3-02-CV-1867 CFD
Honorable Christopher F. Droney

---

1. **Trial Counsel.** List the names, addresses and telephone numbers of the attorneys who will try the case. Trial counsel must attend the pretrial conference unless excused by the Court.

    For Plaintiff:

    Wayne D. Lonstein
    Lonstein Law Office, P.C.
    1 Terrace Hill; P.O. Box 351
    Ellenville, NY 12428
    Telephone: 845-647-8500

    For Defendant:

    James Pieger
    *Pro Se* Defendant
    1601 West Broad Street
    Stratford, CT 06615
    Telephone: 203-375-9815

2. **Jurisdiction.** Set forth the basis for federal jurisdiction.

This Court has original federal question jurisdiction and supplemental jurisdiction over this action under the Digital Millennium-Copyright Act, 17 U.S.C. §1203, *et seq.*, and the Communications Act of 1934, as amended, 47 U.S.C. §605, *et seq.* Alternatively, this Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 (a)(1) by virtue of the complete diversity of citizenship of the parties in an action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. **Jury/Non-jury.** State whether the case is a jury or court case.

The within matter is a Court case.

4. **Nature of Case.** State separately the nature of each cause of action and relief sought.

Count I:

Violation of 17 U.S.C.§ 1201 (a)(1)(A), The Digital Millennium Copyright Act, for which Plaintiff seeks an award of the greater of its actual damages, together with any profits made by the Defendant that are attributable to the violations alleged herein, or statutory damages in the amount of up to $2,500 for each violation, pursuant to 17 U.S.C. §1203 (c)(2) and (3)(A).

Count II:

Violation of the Digital Millennium Copyright Act, 17 U.S.C. §1201 (a)(2), and (b)(1), for which Plaintiff seeks an award of the greater of its actual damages, together with any profits made by the Defendant that are attributable to the violations alleged herein, or statutory damages for each violation, pursuant to 17 U.S.C. §1203 (c)(2) and (3)(A).

Count III:

Unauthorized Decryption of Satellite Programming in Violation of 47 U.S.C. §605(a) and (e)(4), for which Plaintiff seeks an award of the greater of its actual damages, together with any profits made by the Defendant that are attributable to the violations alleged herein, or statutory damages for each violation, pursuant to 17 U.S.C. §1203 (c)(2) and (3)(A).

5. **Stipulations of Fact and Law.** Prepare a list of stipulations on any issues of fact and/or law as to which the parties have been able to agree.

Plaintiff, DirecTV, Inc., is is a California corporation with its principal place of business located at 2230 East Imperial Highway, El Segundo, California.

DirecTV, Inc., offers satellite television programming services to subscribers who request and pay for them. Each subscriber is entitled to receive only that level of programming services which he selects and purchases.

Defendant, James Pieger, was a subscriber to Plaintiff, DirecTV, Inc.'s services.

On December 11, 2000, Defendant purchased an illegal satellite modifying device, a Next Gen and UL Pro with X Combo, from Vector Technologies.

Defendant, James Pieger, resides at 1601 West Broad Street, Stratford, CT 06615.

Defendant's purchase of a Next Gen and UL Pro with X Combo from Vector Technologies on December 11, 2000, is in violation of 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) and 17 U.S.C. §1201 (a)(1), (2) and (b)(1).

6.  **Plaintiff's Contentions.** State generally the plaintiff's factual contentions with respect to each cause of action.

Plaintiff contends that the Defendant's purchase of a Next Gen and UL Pro with X Combo is in violation of 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) and 17 U.S.C. §1201 (a)(1), (2) and (b)(1).

7.  **Defendant's Contentions.** State generally the defendant's factual contentions with respect to defenses, counterclaims and setoffs.

8.  **Legal Issues.** List the legal issues presented by the factual contentions of the parties.

As to Plaintiff:

Was Defendant's purchase of a Next Gen and UL Pro with X Combo is in violation of 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) and 17 U.S.C. §1201 (a)(1), (2) and (b)(1), and, if so, what damages is Plaintiff entitled to receive?

9. **Voir Dire Questions.** For jury cases, attach a list of proposed questions to be submitted to the jury panel.

Not applicable, as this matter is to be tried to the Court.

10. **List of Witnesses.** Set forth the name and address of each witness to be called at trial, with a brief statement of the anticipated testimony. Witnesses not listed, except rebuttal and impeachment witnesses, will not be permitted to testify at trial, except for good cause shown.

As to Plaintiff:

James Pieger
1601 West Broad Street
Stratford, CT 06615

Description of Testimony: Defendant. Plaintiff is unable to provide a synopsis of his testimony as he is an adverse witness, but is believed to have relevant information including, but not limited to, the fact that he was a subscriber to Plaintiff's services.

Secure Signals International, LLC
By: Stanley F. McGinnis
Park Hill
2320 Elm Street
Denver, CO 80207

Description of Testimony: Mr. McGinnis is expected to testify to the security measures taken by Plaintiff in the employment of ECM's (Electronic Countermeasures) to battle the use of illegal cable device. In addition, Mr. McGinnis will testify to the fact that Plaintiff maintains Defendant's illegal cable device, the manner in which it was modified and the value of services accessed through the use of same without payment to Plaintiff.

Representative of DirectTV, Inc.
2230 East Imperial Highway
El Segundo, CA 90245

Description of Testimony: Representative is expected to testify as to the issue of local piracy, the subscription history of the Defendants, as well as the information derived from Vector Technologies.

11. **Exhibits.** Attach a list of all exhibits, with a brief description of each, that each party will

offer at trial on the case-in-chief. Exhibits not listed, except rebuttal and impeachment exhibits, will not be admissible at trial except for good cause shown. All objections to designated exhibits, except as to relevance, must be filed in writing, to be resolved between the parties or by Court ruling prior to jury selection.

As to Plaintiff:

Invoice printout from Vector Technologies.

Vector Technologies Web Page Content.

Defendant's DirecTV account history.

**12.    Deposition Testimony.** List each witness who is expected to testify by deposition at trial. Such list shall include designation by page references of the deposition transcript which each party proposes to read into evidence. Cross-designations shall be listed as provided by Fed. R. Civ. P. 32(a)(4). The lists shall include all objections to deposition designations. These objections must be resolved between the parties or by Court ruling prior to jury selection. After submission, the Court will permit amendment of the lists only for good cause shown. At the time of trial, the Court will permit reading of testimony from a deposition only in the order in which it was taken.

Not applicable, as no depositions have been taken.

**13.    Requests for Jury Instructions.** For jury cases, attach requests for the jury charge.

Not applicable, as this matter is to be a Bench Trial.

**14.    Anticipated Evidentiary Problems.** Attach memoranda of fact and law concerning evidentiary problems anticipated by the parties.

At this time, no evidentiary problems are anticipated.

**15.    Proposed Findings and Conclusions.** For non-jury cases, attach proposed findings of

fact and conclusions of law.

16. **Trial Time.** Counsel shall set forth a realistic estimate of trial days required.

Plaintiff contends that trial of this matter will require one (1) day.

17. **Further Proceedings.** Specify, with reasons, the necessity of any further proceedings prior to trial.

In the interest of judicial economy, Plaintiff respectfully requests a Settlement Conference with a Magistrate Judge prior to trial.

18. **Election for Trial by Magistrate.** The parties shall indicate whether they have agreed to have the case tried by a United States Magistrate, and if so, indicate whether the parties have elected to have any appeal heard by the District Court or by the Court of Appeals.

Although Plaintiff consents to trial by Magistrate Judge, cannot make a representation for the Defendant regarding same.

Dated: July 23, 2004

_____
Wayne D. Lonstein, Esq.
Bar Roll No. CT 19973
Lonstein Law Office, P.C.
Attorneys for Plaintiff
1 Terrace Hill, P.O. Box 351
Ellenville, NY 12428
Telephone: 845-647-8500
Facsimile: 845-647-6277
*Our File No. DTV-2CT-03*